JUSTICE GRAY,
dissenting.
*320 ¶15 I respectfully dissent from the Court’s opinion.
¶ 16 In my view, Wilson is distinguishable from the present case and, therefore, not controlling. There, we correctly concluded that a “broken, unloaded, and inoperable” BB gun was incapable of being used to produce death or serious bodily injury. Wilson, 282 Mont. at 137, 936 P.2d at 318. We did not require that the gun be immediately capable of being used to produce such a result — that is, capable of producing death or serious bodily injury at the precise second it was used in the commission of a crime. Indeed, we could not properly have done so since “weapon” is statutorily defined in § 45-2-101,MCA, as an instrument “readily capable” — not “immediately capable” — of being used to produce death or serious bodily injury.
¶17 Here, unlike the broken and inoperable instrument in Wilson, the BB gun used by Cierno was readily capable of being used — that is, “easily able” to be used — to produce death or serious bodily injury under the definition of “readily capable” we applied in R.L.S. All that was necessary was to load the gun, potentially with ammunition in the perpetrator’s pocket, in no more than a moment’s time. For the same reason, the Court’s statement to the contrary notwithstanding, the potential for harm presented by Clemo’s unloaded BB gun is readily distinguishable from the lack of potential for harm presented by the broken and inoperable BB gun in Wilson. Finally, Clemo’s BB gun, unloaded but not inoperable, was not incapable of projecting a high velocity projectile of any type, as the Court opines. It was capable of doing so and, indeed, “readily capable” of doing so to produce death or serious bodily injury. The statute requires no more.
¶18 I would affirm the District Court’s enhancement of Clemo’s sentence for using a dangerous weapon. I dissent from the Court’s failure to do so.